UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA ROA | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO: |
| | ) |
| v. | ) _____ |
| | ) |
| ATLANTA NATIONAL LEAGUE | ) |
| BASEBALL CLUB, LLC | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Andrea Roa ("Plaintiff"), individually hereby files this Complaint against Defendant Atlanta National League Baseball Club, LLC ("Defendant") and for this cause of action states the following:

## NATURE OF CLAIM

1.

Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as emended ("FLSA"). 29 U.S.C. §201 et al.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

3.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

4.

Venue is proper in the Atlanta Division of the Northern District of Georgia, pursuant to Local Rule 3.1(B)(1)(a) and (1)(3) because Defendant resides in the Atlanta Division of the Northern District of Georgia and the cause of action arose in the Atlanta Division of the Northern District of Georgia.

## PARTIES

5.

Plaintiff Andrea Roa is a natural person who presently resides in Las Vegas, Nevada.

6.

ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC, is a Georgia Corporation with its principal place of business located at SUNTRUST PARK, 755 BATTER AVENUE SE, ATLANTA, GA 30339, and can be served through its registered agent CORPORATION SERVICE COMPANY located at 40 TECHNOLOGY PKWY SOUTH, #300, GWINNETT, NORCROSS, GA 30092.

7.

Plaintiff began her employment in 2012 as the Creative Services Manager for the Gwinnett AAA affiliate of the Atlanta Braves.

8.

Plaintiff, in her role as Creative Services Manager, reported to North Johnson, the General Manager, and Sharri Massengil, the Assistant General Manager.

9.

All actions by Mr. Johnson and Ms. Massengil set forth in this Complaint were taken within the course and scope of Mr. Johnson's and Ms. Massengil's employment with Defendant and are imputed to Defendant.

10.

Plaintiff was given a performance review every year near the end of the calendar year and always received positive reviews, corresponding pay increases, and increases in responsibility.

11.

In October 2015, Plaintiff was given a promotion in the form of additional responsibilities.

12.

At one point during her employment, Plaintiff became aware of what she believed were wage and hour violations concerning other employees.

13.

Specifically, Plaintiff was concerned that Defendant was violating federal wage and hour laws by falsely recording the time when hours were worked to prevent part-time employees from being categorized as full-time employees.

14.

For example, with respect to certain employees who were classified as part-time, Defendant had a practice of altering time cards so that those employees' time cards reflected that they worked less than 30 hours per week for weeks when they in fact worked more than 30 hours.

15.

The employees' hours worked were allocated to different weeks so that time cards did not reflect more than 30 hours of work for any week.

16.

Plaintiff's immediate supervisor, North Johnson, personally directed other members of management (i.e. employees who supervised part-time staff members) to alter documented work hours.

17.

Mr. Johnson instructed Plaintiff to alter employee time cards.

18.

Plaintiff believed that Mr. Johnson was requiring her to violate the Fair Labor Standards Act.

19.

Plaintiff reported the violation on Liberty Media's anonymous hotline.

20.

Plaintiff reported her concerns to the Executive Vice President, Michael Plant.

21.

Mr. Plant referred Plaintiff to Laura Juras, the Vice President of Human Resources.

22.

Plaintiff met with Ms. Juras and discussed the concerns that she had reported to Mr. Plant.

23.

Ms. Juras remarked that she had received a similar complaint through the anonymous hotline.

24.

After the meeting, Mr. Johnson informed Plaintiff that he was being investigated.

25.

After learning that someone had reported him for potential violations, Mr. Johnson stated that he would fire the person who reported him as soon as he learned that person's identity.

26.

On December 10, 2015, Mr. Johnson terminated Plaintiff's employment with Defendant.

27.

The stated reason for Plaintiff's termination was "unsatisfactory work performance."

## COUNT I

## RETALITION – FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215 et seq.

28.

Plaintiff incorporates the preceding paragraphs of her Complaint as though fully restated therein.

29.

Plaintiff engaged in protected activity pursuant to the FLSA by lodging a complaint with her employer regarding what she perceived to be violations of the FLSA in the workplace.

30.

Defendant was put on notice of Plaintiff's protected activity by receiving notice of her complaint, which was then communicated to Plaintiff's direct boss, Mr. North. Alternatively, Plaintiff's direct boss deduced that Plaintiff had reported him because the office in which Plaintiff worked was small and Plaintiff's direct boss, Mr. North, could have eliminated other potential sources of the reported complaint. For example, Plaintiff had previously expressed concern about the issues to Mr. North and Mr. North dismissed Plaintiff's concerns.

31.

Defendant, through its agent Mr. Johnson, engaged in retaliatory conduct by terminating Plaintiff's employment for Plaintiff's complaints about what she perceived to be violations of FLSA.

32.

Defendant's retaliatory actions caused Plaintiff damages in the form of lost wages, loss of employment, loss of pension benefits that would have otherwise vested in less than two years from the time Plaintiff was terminated, and other monetary losses directly related to her employment, severe emotional pain and suffering, and constitute a violation of the FLSA pursuant to Section 215(a)(3) of the FLSA.

## VIII.  Prayer for Relief

33.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff all back pay, bonuses or raises, liquidated damages, pre-judgment interest on unpaid earnings;

(C)    Enter judgment judgement awarding Plaintiff damages for several emotional pain and suffering;

(D) Enter judgment against Defendant for court costs, expert witness fees, reasonable attorneys' fees as provided under the FLSA;

(E) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its intentional and willful conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(F) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

(G) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 10th day of December, 2017.

/s/ Jonathan A. Parrish
Jonathan A. Parrish, Esq.
Georgia Bar No. 263008

THE PARRISH LAW FIRM, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, Georgia 30326
Telephone: (404) 891-0141
Facsimile: (404) 891-0143
jparrish@parrishfirm.com